UNITED STATES COURT OF INTERNATIONAL TRADE

---

| | |
|---|---|
| ARBA INTERNATIONAL LLC, d/b/a ARIEL RIDER E-BIKES, | X : : : |
| Plaintiff, | : : |
| v. | : No. 23-00215 : |
| THE UNITED STATES, | : : : |
| Defendant. | : : X |

---

# COMPLAINT

Plaintiff, ARBA INTERNATIONAL LLC, d/b/a ARIEL RIDER E-BIKES, by and through undersigned counsel, for its Complaint in this matter against Defendant, the UNITED STATES, does hereby state, plead, and allege as follows:

## CAUSE OF ACTION

1.   This action is commenced by Plaintiff, Arba International LLC, d/b/a Ariel Rider E-Bikes (hereinafter "Ariel Rider," "Plaintiff," or the "Company"), to contest the denial of its protest against the classification, in liquidation, of certain electric bicycles or "e-bikes." Particularly, Ariel Rider challenges CBP's liquidation of its e-bike entries under subheading 8711.60.0050, HTSUS, and a secondary assessment of duties pursuant to subheading 9903.88.02, HTSUS, at the rate of 25% *ad valorem*. Plaintiff submits that its e-bikes meet the requirements of subheading 9903.88.67, HTSUS, which apply the Section 301 exclusion set forth in U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS, and exempts such products from the 25% *ad valorem* duties imposed under Section 301. The referenced exclusion states:

31) Motorcycles with electric power for propulsion, each of a power not exceeding 1,000 W (described in statistical reporting numbers 8711.60.0050 or 8711.60.0090, effective July 1, 2019; described in statistical reporting number 8711.60.0000, effective prior to July 1, 2019).

*See* U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS; *see also e.g.,* Office of the U.S. Trade Representative: Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 87 Fed. Reg. 17,382 (March 28, 2022).

## JURISDICTION

2.  This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).

3.  All liquidated, duties, taxes and fees were paid prior to the commencement of this action.

## PARTIES

4.  Plaintiff Arba International LLC d/b/a Ariel Rider E-Bikes is a limited liability corporation organized and existing under the laws of the State of Washington. Ariel Rider is engaged in the design, manufacture, and importation of e-bikes, e-bike parts, and related merchandise, including the e-bikes which are the subject of this lawsuit. Ariel Rider acted as importer of record ("IOR") for the entries of e-bikes which are at issue in this action.

5.  Defendant United States is the Federal Defendant. The actions complained of herein were undertaken by its agency U.S. Customs and Border Protection ("Customs" or "CBP"), which is a component of the U.S. Department of Homeland Security ("DHS").

**STATEMENT OF FACTS**

6. The Trade Act of 1974, 19 U.S.C. § 2411 ("Section 301"), empowers the United States Trade Representative, subject to the direction of the U.S. President, to impose tariffs or other trade restrictions to combat perceived unfair practices. Using this authority, the United States imposed additional tariffs on a range of Chinese-origin goods listed in four "lists" published between July 2018 and August 2019. *See* 83 Fed. Reg. 28,710 (June 20, 2018) (promulgating List 1); 83 Fed. Reg. 40,823 (Aug. 16, 2018) (promulgating List 2); 83 Fed. Reg. 47,974 ("Final List 3"); 84 Fed. Reg. 43,304 (Aug. 20, 2019) ("Final List 4").

7. Among the affected products in List 2 were certain e-bikes classified under subheading 8711.60.0090, HTSUS, which, effective August 23, 2018, became subject to additional 25% tariffs. Pursuant to U.S. Note 20(d) to Subchapter III, Chapter 99, HTSUS, products of China classified under subheading 8711.60.00, HTSUS, unless specifically excluded, are subject to an additional 25 percent *ad valorem* rate of duty and must be secondarily classified under subheading 9903.88.02, HTSUS.

8. The Section 301 actions taken by the Office of the United States Trade Representative ("USTR") included, *inter alia,* creation of a formal mechanism allowing U.S. businesses to request exclusions from additional duties imposed on specific goods imported from China. *See Procedures to Consider Requests for Exclusion of Particular Products From the Additional Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, Office of the U.S. Trade Representative, 83 Fed. Reg. 47,236 (September 18, 2018). The Section 301 exclusions granted by the USTR are not limited to the party filing the exclusion request but may be invoked in respect of any entry of merchandise that meets the exclusionary language published by the USTR in the

Federal Register and codified in Chapter 99, HTSUS. In essence, if an imported product is described by the scope language of an exclusion granted by USTR, then it is excluded from the additional Section 301 tariffs.

9. Described herein as the "Subject Exclusion," U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS, is a product exclusion published by the USTR which provides a duty exemption for goods satisfying the following requirements:

> 31) Motorcycles with electric power for propulsion, each of a power not exceeding 1,000 W (described in statistical reporting numbers 8711.60.0050 or 8711.60.0090, effective July 1, 2019; described in statistical reporting number 8711.60.0000, effective prior to July 1, 2019).

*See* U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS; *see also e.g.,* Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, Office of the U.S. Trade Representative, 87 Fed. Reg. 17,382 (March 28, 2022) (the "Subject Exclusion").

10. CBP clarified in *NY Ruling Letter N308085* (December 12, 2019), that e-bikes are to be considered "electric motorcycles" for purposes of the Subject Exclusion and affirming the eligibility of e-bikes to be excluded from the additional Section 301 tariffs.

11. The merchandise at issue in this action consists of certain electric bicycles or "e-bikes." An "e-bike" is a bicycle that is equipped with an integrated electric motor and battery system designed to provide electric power assistance for the e-bike's propulsion.

12. Plaintiff imported the merchandise at issue into the U.S. under cover of two (2) Port of Tacoma, WA, consumption entries—Entry Nos. 8NP-00809354; and 8NP-00861249—on or around February 6, 2022, and October 30, 2022, respectively. *See* Summons, ECF No. 1 (collectively, the "Subject Merchandise" or "Subject E-Bikes"). The Subject E-Bikes consist of Ariel Rider e-bike models known as the "Kepler," the "Grizzly," and the "X-Class." Ariel Rider

4

entered the Subject E-Bikes under subheading 8711.60.0090, of the Harmonized Tariff Schedule of the United States ("HTSUS"), which provides for "Motorcycles (including mopeds) and cycles fitted with an auxiliary motor, with or without side-cars; side-cars: With electric motor for propulsion: Other," and unconditionally duty free.

13. The Subject E-Bikes incorporate "controllers" that, *inter alia,* ensure that the product does not exceed a power output of 1000 W for propulsion.

14. The controllers installed in the Subject E-Bikes use various inputs (*e.g.,* throttle/pedal assist, assist level, speed sensor, cadence sensor, battery state of charge), to determine the appropriate level of power to be sent from the e-bike battery to the e-bike motor. The controller's primary job in all of these e-bike models is to receive these inputs and determine how much power to send to the motor, using techniques like Space Vector Pulse Width Modulation ("SVPWM"). The controllers interpret various sensor inputs and rider commands to determine the intended operation, and then send specific commands based on these interpretations to the battery instructing it to supply a precise amount of electric power to the motor for propulsion. The battery then responds to the controller's command by supplying the requested electrical energy to the motor

15. The controller's interpretation is regulated and commanded by pre-installed software/firmware included on all Ariel Rider e-bike models which limits the power capable of being sent from the e-bike battery to the e-bike motor. This programming ensures that the "electric power for propulsion" does not exceed a certain Wattage threshold.

16. With respect to the Subject E-Bikes, the result of this programming and communication/interpretation performed by the e-bike controller is invariably a power output which does not exceed 1,000 W.

17. Beginning in early 2023, CBP issued to Ariel Rider a series of Customs Form ("CF") 28 Requests for Information, and CF 28 Notices of Proposed Action. CBP also sent other informal requests to Ariel Rider by email seeking additional information about the Company's imported e-bikes. The Company timely responded.

18. CBP ultimately determined to rate advance unliquidated entries of the Subject E-Bikes pursuant to Section 301, imposing additional 25 percent *ad valorem* duties thereon.

19. CBP issued a CF 29 final notice of action dated August 25, 2023, to Ariel Rider, concluding that the Subject Exclusion does not apply to Ariel Rider e-bikes. CBP liquidated entries of the Subject E-Bikes on September 1, 2023, assessing additional Section 301 duties of 25% *ad valorem* thereon, *see* subheading 9903.8802, HTSUS, and refusing to apply the Subject Exclusion.

20. On or around September 19, 2023, Plaintiff timely protested CBP's liquidation of the Subject E-Bikes under subheading 9903.8802, HTSUS, as to two (2) entries of Subject E-Bikes. Plaintiff requested accelerated disposition of its Protest pursuant to 19 C.F.R. § 174.21(b)

21. CBP denied Plaintiff's Protest in full on September 27, 2023.

22. Plaintiff paid all requisite duties, taxes, and fees prior to commencing this action.

23. Plaintiff timely filed this action to challenge the denial of its protest on October 10, 2023. *See* Summons (ECF 1)

## COUNT I

24. Paragraphs 1 through 23 are restated and incorporated by reference as though fully set out herein.

25. U.S. Note 20(d) of Subsection III, Chapter 99, HTSUS, provides for the imposition of Section 301 duties of 25% *ad valorem* on all products of Chinese origin classifiable under *inter alia* subheading 8711.60, HTSUS, except for "products of China granted an exclusion by the

[USTR] and provided for in … heading 9903.88.67 and U.S. Note 20(ttt)(ii) … " Duties are imposed on goods described in U.S. Note 20(d), including e-bikes of subheading 8711.60, HTSUS, by requiring classification of such goods under subheading 9903.88.02, HTSUS.

26. Products described in U.S. Note 20(d) but subject to an exclusion are to be classified under subheading 9903.88.67, HTSUS, which (i) exempts such products from the additional 25% *ad valorem* Section 301 duties; and (ii) imposes duty at the ordinary rate stated in the HTSUS (here, duty free under subheading 8711.60, HTSUS). Heading 9903.88.67, HTSUS, provides:

> Effective with respect to entries on or after October 12, 2021 and through December 31, 2023, articles the product of China, as provided for in U.S. note 20(ttt) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative."

27. U.S. Note 20(ttt)(ii) of Subchapter III, Chapter 99, HTSUS, provides a duty exemption for goods satisfying the requirements of a product exclusion published by the USTR:

> The U.S. Trade Representative determined to establish a process by which particular products classified in heading 9903.88.02 and provided for in U.S. notes 20(c) and 20(d) to this subchapter could be excluded from the additional duties imposed by heading 9903.88.02. See 83 Fed. Reg. 40823 (August 16, 2018) and 83 Fed. Reg. 47326 (September 18, 2018). Pursuant to the product exclusion process, the U.S. Trade Representative has determined that, as provided in heading 9903.88.67, the additional duties provided for in heading 9903.88.02 shall not apply to the following particular products, which are provided for in the enumerated statistical reporting numbers:

28. Described herein as the "Subject Exclusion," U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS, is a product exclusion published by the USTR which provides a duty exemption for goods satisfying the following requirements:

> 31) Motorcycles with electric power for propulsion, each of a power not exceeding 1,000 W (described in statistical reporting numbers 8711.60.0050 or 8711.60.0090, effective July 1, 2019; described in statistical reporting number 8711.60.0000, effective prior to July 1, 2019).

*See* U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS; *see also e.g.,* Office of the U.S. Trade Representative: Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 87 Fed. Reg. 17,382 (March 28, 2022) (the "Subject Exclusion").

29. To qualify an e-bike for the Subject Exclusion, the following criteria must be satisfied:

   a. <u>Classification</u>: The e-bike must be classified under the relevant HTSUS subheadings, either 8711.60.0090 or 8711.60.0050, effective July 1, 2019. For entries made prior to that date, the relevant HTSUS subheading is 8711.60.0000;

   b. <u>Power Source</u>: The e-bike must rely on electric power for propulsion; and

   c. <u>Power Limitation</u>: the e-bike's power output for propulsion must not exceed 1,000 Watts.

30. At the time of entry, Plaintiff Ariel Rider properly asserted that the Subject E-Bikes are classified under subheading 8711.60.0090, HTSUS, which describes "Motorcycles (including mopeds) and <u>cycles fitted with an auxiliary motor</u>, with or without side-cars; side-cars: … with <u>electric motor for propulsion</u> … other." (Emphasis added). CBP has not questioned this classification, and applied it in liquidation of the subject entries. Ariel Rider further asserted that the Subject E-Bikes are entitled to classification under the Subject Exclusion and duty free treatment pursuant to subheading 9903.88.67, HTSUS.

31. The Subject E-Bikes use electric power for propulsion.

32. The power output of the Subject E-Bikes does not exceed 1,000 Watts.

33. The Subject E-Bikes satisfy the requirements of the Subject Exclusion, *see* U.S. Note 20(ttt)(ii)(31) of Subchapter III, Chapter 99, HTSUS, and should therefore be exempted from

Section 301 duties imposed under subheading 9903.8802, HTSUS. The Subject E-Bikes are eligible for the Section 301 duty exemption and must be classified under subheading 9903.8867, HTSUS. Defendant erred in denying Plaintiff's Protest, concluding that the Subject E-Bikes are ineligible for the Subject Exclusion, and imposing additional Section 301 duties of 25% *ad valorem* under subheading 9903.8802, HTSUS.

## PRAYER FOR RELIEF

34.   WHEREFORE, Plaintiff prays that this Court enter judgment in its favor, and direct Defendant to reliquidate the Subject E-Bikes under subheading 9903.8867, HTSUS, and to refund all Section 301 duties paid on the Subject E-Bikes; and award Plaintiff costs of suit plus attorneys' fees; and provide Plaintiff with such other and further relief as this Court may deem just.

Respectfully submitted,

NEVILLE PETERSON LLP

/s/ Richard F. O'Neill
Richard F. O'Neill
701 Fifth Ave., Ste. 4200-2159
Seattle, WA 98104-4089
206.905.3648
roneill@npwny.com

John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated:  October 13, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARBA INTERNATIONAL LLC, d/b/a ARIEL RIDER E-BIKES, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 23-00215 |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing COMPLAINT to be served by certified mail, return receipt requested, upon the following persons on this 13th day of October, 2023:

DEFENDANT, THE UNITED STATES
Attorney-in-charge
International Trade Field Office
Commercial Litigation Branch, Civil Division
Room 346
U.S. Department of Justice,
26 Federal Plaza, Ste. 346
New York, New York 10278

/s/ Richard F. O'Neill
Richard F. O'Neill
Neville Peterson LLP